UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONYA JEFFERS., on behalf of herself
and others similarly situated,

     Plaintiff,

v.

KIDS FIRST DENTISTRY, INC. a
Florida For Profit Corporation, and
JILA J. MAHAJAN, Individually,

     Defendant.

_____/

CASE NO.:
3:17-cv-231-J-25JRK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TONYA JEFFERS ("Plaintiff"), on behalf of herself and other

employees and former employees similarly situated, by and through undersigned counsel,

files this Complaint against Defendant, KIDS FIRST DENTISTRY, INC., a Florida

limited liability company, and JILA J. MAHAJAN, an individual (collectively

"Defendants"), and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to

the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain

certification of this action as a collective action, declaratory relief, a judgment against

Defendants as to liability, to recover unpaid back wages and an additional equal amount

as liquidated damages for herself and those who opt-in to this action, and reasonable

attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28

U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

<div align="center">**PARTIES**</div>

3.      At all times material to this action, Plaintiff was a resident of Clay County, Florida.

4.      At all times material to this action, Defendant KIDS FIRST DENTISTRY, INC., was, and continues to be a Florida for Profit Corporation.   Further at all times material hereto, Defendant KIDS FIRST DENTISTRY, INC., was, and continues to be, engaged in business throughout The United States as well as in Florida with a principle place of business in Duval County, Florida.

5.      At all times material to this action, Defendant, JILA J. MAHAJON, was an individual resident of the State of Florida, who owned and operated Defendant, KIDS FIRST DENTISTRY, INC., and who regularly exercised the authority to (a) hire and fire employees of Defendant, KIDS FIRST DENTISTRY, INC.; (b) determine the work schedules for the employees of Defendant, KIDS FIRST DENTISTRY, INC.; and (c) control the finances and operations of Defendant, KIDS FIRST DENTISTRY, INC..

6.      At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7.      At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8.      At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

9.      Defendants were, and continue to be, "employers" within the meaning of the FLSA.

10.      At all times material to this action, Defendant KIDS FIRST DENTISTRY,

INC., was, and continues to be, a dental office primarily engaged in pediatric dental services.

11. At all times material to this action, Defendant, KIDS FIRST DENTISTRY, INC., was, and continues to be, an "enterprise engaged in commerce".

12. At all times material to this action, Defendants advertised on the internet, processed credit cards from out of state patrons, communicated via mail, email, and telephone with their out of state patrons and out the out of state insurance carriers of their patrons.

13. At all times material to this action, Defendant, KIDS FIRST DENTISTRY, INC., ordered supplies, products, tools and other instrumentalities of the business of dentistry, through the stream of interstate commerce, for direct sale to customers of the clinic.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times hereto, Plaintiff was engaged in interstate commerce and subject to the individual coverage of the FLSA.

17. At all times material to this action, Plaintiff used the telephone, facsimile, internet, electronic mail, and regular US Mail to call, submit, and correspond with out of state (i) vendors, (ii) suppliers, (iii) equipment manufacturers, (iv) patients and (v) insurance carriers during the normal course of her employment.

18. At all times material hereto, the work performed by the Plaintiff was

directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

19. Plaintiff worked for Defendant as a front office assistant from approximately November 2013 through and including September 2016.

20. Plaintiff's job duties included, but were not limited to: (i) assisting patients with appointments and billing, (ii) submitting billing and pre-authorizations to insurance carriers; (iii) accepted/signed for out of state supplies and equipment and other packages; (iv) presentation of treatment plans to parents of patients; and (v) managing the front office.

21. Plaintiff was compensated on an hourly basis.

22. Plaintiff was a non-exempt employee for Defendants.

23. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

24. From at least November 2013 and continuing through September 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Rather, Defendants paid Plaintiff only her regular rate for hours over forty. Put another way, Defendants paid "straight-time" for all hours that she worked in excess of forty in a workweek.

25. The practice described above was equally applicable to other hourly paid employees of Defendants at the location at which Plaintiff worked.

26. Additionally, from at least January 2015 and continuing through September 2016, Plaintiff was made to work from home and on the weekends, without

the benefit of payment for her hours.

27.     Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

28.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

29.     Defendants have violated Title 29 U.S.C. §207 from at least November 2013 and continuing through September 2016, in that:

      a.     Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

      b.     Defendants had actual or constructive knowledge of all of the hours worked by Plaintiff;

      c.     No payments, or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

30.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. Specifically, Defendants were aware of the fact that Plaintiff regularly worked in excess of forty hours in a given work week, as did other similarly situated employees, and either did not pay them for all of their hours worked (unpaid overtime) and/or paid them for overtime hours at their regular rate of pay, with no overtime premium (straight-time).

31.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

32.     The additional persons who may become Plaintiffs in this action "worked" for Defendants as hourly employees in the same location as Plaintiff, and as a result of the same policy, plan or practice of Defendants pursuant to which Plaintiff was not paid proper overtime wages, worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for all hours worked in excess of forty (40) hours.

33.     On December 7, 2016, Plaintiff, through counsel, sent a letter to Defendant's Registered Agent, stating Plaintiff believes she has a claim for unpaid overtime wages, and further invited Defendant to send payroll records if it disputed the allegation.

34.     The Supreme Court has recognized that the purpose of the FLSA's liquidated damages provision "is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being. Employees receiving less than the statutory minimum are not likely to have sufficient resources to maintain their well-being and efficiency until such sums are paid at a future date. The same policy which forbids waiver of the statutory

minimum as necessary to the free flow of commerce requires that reparations to restore damage done by such failure to pay on time must be made to accomplish Congressional purposes. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945) (internal citations omitted).

35.    The Eleventh Circuit, too, has held that under 29 U.S.C. § 626(b) of the FLSA, liquidated damages represent compensation for delay in payment of amounts owing. *Lindsey v. Am. Cast Iron Pipe Co.*, 810 F.2d 1094, 1102 (11th Cir. 1987).

36.    There is no dispute that the language of the FLSA allows for a reasonable attorney's fee to be paid by the Defendant. 29 U.S.C. § 216(b); *see also, Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir.2007) (stating "Prevailing plaintiffs are automatically entitled to attorneys' fees and costs under the FLSA . . . .").

37.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation.

<div align="center">

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

</div>

38.    Plaintiff re-alleges and re-avers paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.    From at least November 2013 and continuing through September 2016, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

40.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

41.    Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

42.     Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

43.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

44.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

45.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

WHEREFORE, Plaintiff requests: (a) a judgment entered in her favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; (c) an order certifying this action as a collective action, and directing notice to issue to those similarly situated, informing them of their right to join this litigation; (d) costs, expenses and attorneys' fees; and (e) any such other and further relief deemed appropriate by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 24th day of February, 2016.

<div style="margin-left: 40%;">

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*/s/ Paul M. Botros*
Paul M. Botros, Esq.
FL Bar No: 0063365
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954.318.0268
Facsimile: 954.327.3017
E-Mail: pbotros@forthepeople.com

*TRIAL COUNSEL FOR PLAINTIFF*

</div>